BALTIMORE GAS AND ELECTRIC
COMPANY, Petitioner,

v.

FEDERAL ENERGY REGULATORY
COMMISSION, Respondent.

Nos. 00–1138, 00–1139.

United States Court of Appeals, District
of Columbia Circuit.

May 14, 2001.

Before EDWARDS, Chief Judge,
SENTELLE and RANDOLPH, Circuit
Judges.

## *JUDGMENT*

PER CURIAM.

These causes came to be heard on a petition for review of orders of the Federal Energy Regulatory Commission, and were briefed and argued by counsel. While the issues presented occasion no need for a published opinion, they have been accorded full consideration by the Court. *See* D.C.Cir. R. 36(b). On consideration thereof, it is

**ORDERED** and **ADJUDGED**, by this Court, that the petition for review of the challenged orders is dismissed for lack of standing.

Parties seeking review of orders issued by the Commission under the Natural Gas Act must demonstrate not only that they are "aggrieved" by the orders, 15 U.S.C. § 717r(b), but also that they "satisfy the requirements of constitutional standing." *Panhandle Eastern Pipe Line Co. v. FERC*, 198 F.3d 266, 268 (D.C.Cir.1999); *accord El Paso Natural Gas Co. v. FERC*, 50 F.3d 23, 26 (D.C.Cir.1995). Under either inquiry, a party must establish, "at a minimum, 'injury in fact' to a protected interest." *El Paso Natural Gas Co.*, 50 F.3d at 26 (quoting *Shell Oil Co. v. FERC*, 47 F.3d 1186, 1200 (D.C.Cir.1995)). To establish "injury in fact" under Article III,

a party must allege an invasion of a legally protected interest that is concrete and particularized, as well as actual or imminent, not conjectural or hypothetical. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

Petitioners have failed to demonstrate standing in this case. We find nothing in the petition to suggest that the challenged orders invaded petitioners' legally protected interests. The orders did no more than authorize Columbia Gulf Transmission Company to replace certain compression units and to increase its maximum certificated capacity. This authorization by no means caused, or threatened to cause, petitioners actual or imminent injury in fact. We therefore dismiss the petition. It is

**FURTHER ORDERED,** by this Court, *sua sponte*, that the Clerk shall withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing or petition for rehearing *en banc*. *See* D.C.Cir. R. 41(a)(1). This instruction to the Clerk is without prejudice to the right of any party at any time to move for expedited issuance of the mandate for good cause shown.